[Civ. No. 4344. Fourth Dist. Mar. 14, 1952.]

CLYDE O. SMITH, Appellant, v. WALLACE K. DOWNEY, as Insurance Commissioner, etc., Respondent.

Neil Cunningham and J. J. Nagel for Appellant.

Edmund G. Brown, Attorney General, and Harold B. Haas, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This is a proceeding in mandamus to review an order of the Insurance Commissioner suspending licenses to act as bail agent and as bail permittee.

Since 1942, the appellant Smith has been licensed as a bail agent and as a bail permittee under sections 1802 and 1802.5 of the Insurance Code. In 1949, he was served with an accusation (Gov. Code, § 11503) charging him with having committed acts showing that he is not a fit and proper person to be permitted to retain his licenses. Among other reasons given therefor it was alleged that he had made gifts to various law enforcement employees for the purpose of inducing said employees to favor him in his bail business, which gifts were so scaled that the most valuable ones were given to persons in a position to aid him in securing applications for bail; and that he had knowingly permitted jailers to solicit bail business for him and to favor him over his competitors. He was further charged with many violations of sections 2081, 2082, 2074, 2094, 2101 and 2102 of the California Administrative Code.

The appellant requested a hearing and served notice of defense. A hearing was had before a hearing officer, whose proposed decision with its findings of fact and a proposed order were adopted by the respondent insurance commissioner pursuant to section 11517(b) of the Government Code. It was therein found that the appellant had violated sections 2081, 2082, 2074, 2094, 2101 and 2102 of the Administrative Code, with specific findings as to the acts done in violation of these sections. It was further found that it had been shown that the appellant was not a fit and proper person to hold his licenses, the reasons being given in about the language of the accusation, with findings as to the specific acts done. The order as proposed by the hearing officer and adopted by the commissioner orders (1) that the two licenses of the appellant be suspended for a period of 90 days; (2) that this order of suspension be stayed for a period of three years upon the terms and conditions that he refrain from making gifts to such public employees (except for gifts not over $3.50 in value at the Christmas season), that he cease from soliciting bail in any penal institution, and that he conform to all rules

and regulations of the insurance department relative to bail transactions; and (3) that upon compliance with these conditions he shall be restored to all the privileges of his license and the order of suspension shall be permanently stayed.

The appellant filed a petition for a writ of mandamus in the trial court, seeking an order requiring the respondent commissioner to vacate and annul the order of suspension and decision made by him. At the hearing certain portions of the proceedings before the commissioner, including the accusation, the proposed decision and the final order, were introduced as exhibits. A transcript of the proceedings before the hearing officer was not presented but it was stipulated that the findings made by the commissioner are supported by the evidence introduced at that hearing, and the trial court accordingly found this to be true. The court made appropriate findings and conclusions, and entered a judgment ordering the alternative writ discharged, and denying the issuance of a peremptory writ. This appeal was taken from that judgment.

Appellant's main contention is that the insurance commissioner has no power to suspend or revoke such a license, because of a violation of the rules authorized by section 1812 of the Insurance Code, without first having secured a conviction for such violation in a court of criminal jurisdiction. It is argued that there is neither express nor implied authorization for the suspension or revocation of licenses for a violation of any rules thus established; that section 1813 does not mention a violation of the rules; that section 1814 mentions both a violation of the statutes and of the rules, but the only penalty provided therein is by prosecution in a court of criminal jurisdiction; that the penalty of suspension or revocation prior to a conviction was intentionally omitted from section 1814 in order that the question of the reasonableness, advisability and convenience of the rules established by the commissioner should be passed upon by a court of criminal jurisdiction; that the legislative intent to deny the commissioner authority to suspend or revoke a license prior to conviction in a criminal court further appears from the references to a final judgment of conviction in section 1731 and section 1733 of the Insurance Code; and that if it had been intended to give the commissioner power to discipline a bail licensee for violation of rules, prior to his conviction in a court of criminal jurisdiction, this would have been plainly stated in section 1813.

We are unable to agree with these contentions. The bail bond licensing provisions were adopted to meet a well-known condition which obviously called for some real regulation of the business of furnishing such bail bonds. Such regulation was placed in the hands of the insurance commissioner, and while some statutory regulation was provided he was given a further rule-making power similar to that given to many other administrative agencies, and for similar reasons. While rules so established must be reasonable, it seems inconceivable that it could have been intended to leave the question of their reasonableness exclusively to the criminal courts.

Chapter 7 of the Insurance Code provides for the licensing of persons engaged in this business. Section 1805 provides eight grounds for refusing to issue a bail license. Section 1807 provides that such a license may be suspended or revoked for the same reasons. Section 1806 also provides that such a license may be suspended or revoked whenever it is made to appear to the commissioner that the holder of the license is not a fit or proper person to be permitted to hold it. Section 1812 authorizes the commissioner to make reasonable rules for the administration and enforcement of all of the provisions of this chapter. Section 1813 provides that the commissioner may suspend or revoke such a license whenever he finds that the holder has violated any provision of the chapter. By necessary implication the violation of the rules adopted is forbidden by these provisions. Section 1814 then makes the violation of any of the foregoing provisions, or of any such rule, punishable as a criminal offense. This is another provision making the violation of such rules an act forbidden by this code.

Section 1814 provides an additional penalty but it is not a substitute for the other provisions of the chapter, and is not to be taken as providing an essential prerequisite to the exercise of the power theretofore given to suspend or revoke such a license. A criminal conviction, as authorized by section 1814, is only one of the eight grounds for suspending or revoking a license provided for in sections 1805 and 1807. Another of those grounds is that a licensee has committed an act forbidden by this code, and the violation of the rules which the commissioner is authorized to make is an act forbidden by this code. Another and different ground for suspension is provided for in section 1806. ■ From a consideration of all of the provisions of chapter 7, we conclude that the Insurance Commissioner is authorized to suspend or revoke such

licenses, because of the violation of the rules he is authorized to make, whether or not the licensee has been first convicted for such violation in a court of criminal jurisdiction. Any other interpretation would not only have the effect of nullifying and setting aside a large part of the provisions of chapter 7, but would largely destroy the beneficial effects of the entire system of regulation which the Legislature intended to provide for this business.

The appellant also contends that the rules adopted by the commissioner are invalid as being unreasonable, unnecessary and not advisable or convenient for the administration and enforcement of the provisions of chapter 7. It is argued that these rules bear no reasonable relation to the purposes for which they were authorized; that they are beyond the authority conferred and constitute an attempt to alter, add to and extend the specific code provisions regulating this business; that they are so impractical and extreme as to practically take away the right to engage in this business; that they evidence an assumption of arbitrary power by providing for an unwarranted and unauthorized invasion of the licensee's premises for the purpose of examining his records and papers; and that, in effect, they subject the licensee's right to earn his living to the mere will and caprice of the commissioner.

■ The rules material here are those set forth in the following sections of the Administrative Code. Section 2074 imposes certain conditions upon doing a bail bond business under a fictitious name. It was found that the appellant violated this rule by using an unapproved fictitious name tending to indicate that he was acting as a bonding company or an insurer. Section 2081 forbids solicitation of bail bonds in public institutions. It was found that the appellant violated this rule by soliciting bail bonds at the county jail. Section 2082 requires bail bondsmen to obey the regulations of proper public authorities governing their conduct in public places. The appellant was found to have violated this rule in a number of instances. Section 2094 requires the giving of a receipt signed by the licensee showing all charges made for a bail bond, the money paid on account, and the balance. It was found the appellant violated this rule in eighteen instances, in four of which no receipt at all was given. Rule 2101 requires that every application for a bail bond shall contain certain data setting forth the circumstances and time of the negotiation for the bonds. This was found to have been violated in many instances. Rule 2102 requires the licensee to

keep complete records of all business done under his licenses. The appellant was found to have violated this rule in many instances.

We find nothing unreasonable, unnecessary or oppressive in connection with these rules as related to the kind of business here regulated. The provision imposing conditions upon doing such business under a fictitious name is reasonable and necessary in view of the requirement set forth in section 1810 of the Insurance Code that only natural persons may be licensed. To permit solicitation of bail bonds in county jails and other public places, especially through the aid of jailers, would naturally be conducive to many of the evils which this legislation was designed to prevent. The provisions for giving proper receipts and keeping proper and complete records, showing exactly what was done, are certainly reasonable and are absolutely essential to any proper regulation of this business.

A further consideration is that the commissioner here found that the appellant has shown that he is not a fit and proper person to hold his license, finding many facts supporting that conclusion and finding that such conduct constitutes grounds for the suspension of his licenses under sections 1806, 1807 and 1805 (g) of the Insurance Code. It was stipulated at the hearing that these findings are supported by the evidence introduced at the hearing before the commissioner, and the trial court so found. These findings alone are sufficient to support the judgment appealed from, and under such circumstances the judgment of the trial court may not be reversed. (*Hohreiter* v. *Garrison,* 81 Cal.App.2d 384 [184 P.2d 323].)

We find no reversible error, and the judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 12, 1952.